IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH ANTHONY SZOSTAK, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:25-cv-01390 |
| | ) | |
| LT. F/N/U DAVIS, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Szostak, an inmate of the Rutherford County Adult Detention Center (RCADC) proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2) on December 1, 2025.

On January 20, 2026, Plaintiff filed a Motion to Amend solely to clarify the Defendants he names. (Doc. No. 8.) Because service of the original Complaint has not been ordered, Plaintiff was entitled to amend as a matter of course. Fed. R. Civ. P. 15(a)(1). Accordingly, the Clerk shall record the following Defendants to this action: "Lt. Phillip Davis, Deputy Jill Miles #239, Cpl. Deputy Parker #221, Deputy Simpson #340, Mrs. Jackie Rackley, Deputy Sargent Layhew, Lt. Franzel, Sheriff Mike Fitzhugh and Chief Deputy Kevin Henderson." (Doc. No. 8 at 1.)

This case is before the Court for ruling on Plaintiff's IFP application and pending motions, and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing

fee. Because Plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to pay the entire filing fee, his IFP application (Doc. No. 2) is **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. 28 U.S.C. § 1915(b)(1)–(2).

Accordingly, Plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order

must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

**II. INITIAL REVIEW**

**A. Legal Standard**

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

3

**B. Factual Allegations**

Plaintiff alleges that his lawyer hand-delivered IRS forms to the RCADC for Plaintiff to fill out and return to him "in a time sensitive manner" on November 7, 2025, and then again on November 11, 2025—apparently after Plaintiff failed, for whatever reason, to receive the November 7 delivery. (Doc. No. 1 at 6.) The forms delivered to the RCADC on November 11 were not distributed to Plaintiff until November 26. (*Id.*) Forms dropped off at the RCADC on November 14 and 21 had not been delivered to Plaintiff by the time he signed the Complaint, on November 27, 2025. (*Id.* at 6, 8.) The forms brought to the RCADC by Plaintiff's lawyer's office "were IRS forms that need[ed] to be delivered and processed" by the date of Plaintiff's next court appearance, December 17, 2025. (*Id.* at 6.) Plaintiff alleges that "Line-Staff" employees Miles and Rackley received the delivery of forms from his lawyer on these occasions and delivered them to Plaintiff "at their leisure 10 to 20 days later." (*Id.* at 6, 7.) He further alleges that Miles and Rackley are "responsible for 90% of legal mail received by postal carrier, and they are the ones who[] give it or hand it off to others to give to inmates." (*Id.*) Sheriff Fitzhugh and Chief Deputy Henderson are alleged to be responsible for the failures of Miles and Rackley to "follow[] through to see [that] mail reaches inmates," by virtue of the inmate handbook's provision that "all practices, procedures and policies performed by their staff are an extension of them as Chief Deputy and Sheriff." (*Id.*)

As relief, Plaintiff requests an award of damages against each Defendant. (*Id.* at 8.)

**C. Analysis**

Invoking his due process rights, Plaintiff claims that, on one occasion, a hand-delivery of forms from his attorney was first lost and then, once re-delivered, was not provided to Plaintiff until fifteen days had passed; and on another occasion, deliveries of forms from his attorney were not provided to Plaintiff before thirteen days had passed. He claims that, because Defendants Miles

4

and Rackley were "derelict in their responsibilities" to ensure that these documents reached him in a timely fashion, "[n]ow, not all forms will be delivered to IRS in time for [his] 17 December 2025 court date." (Doc. No. 1 at 6.)

The Court first notes that the Complaint was filed more than two weeks prior to Plaintiff's scheduled appearance in criminal court on December 17, so it is uncertain whether Plaintiff remained unable to submit completed forms to the IRS sufficiently in advance of his December 17 court date.[1] Moreover, assuming that the IRS forms hand-delivered to the RCADC by Plaintiff's attorney are deserving of the heightened protection afforded "legal mail" under the First Amendment, *see Jones v. Caruso*, 569 F.3d 258, 267 (6th Cir. 2009), nevertheless, Miles and Rackley's "derelict" failure to make expeditious or even timely delivery of such documents on two or three isolated occasions, though not ideal, does not amount to a constitutional violation. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Parker v. Pugh*, No. 2:22-CV-00722-CLM-HNJ, 2024 WL 1600333, at *14 (N.D. Ala. Jan. 31, 2024), *report and recommendation adopted*, 2024 WL 915555 (N.D. Ala. Mar. 4, 2024) (citation omitted); *see id.* at 16 (recommending judgment for defendants where plaintiff failed to show that prison officials "practiced a policy of withholding or interfering with [his] mail or that any named defendant intentionally interfered with [his] mail," but only identified "two instances of prison officials delaying the issuance of his legal mail for more than a week"). *See also Hatcher v. Roller*, No. 2:14-CV-204-TWP, 2015 WL 5703266, at *4 (E.D. Tenn. Sept. 28, 2015) (finding isolated incident of tampering with legal mail insufficient to establish a constitutional violation, which

---

[1]    The Rutherford County Online Court Records System, of which this Court takes judicial notice, *see Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (noting that judicial notice is properly taken of "court records [that] are available online to members of the public"), shows that Plaintiff's case was continued at the December 17, 2025 status hearing, as it had been at the six previous court settings. https://rutherford.tncrtinfo.com/crCaseForm.aspx?id=06446437-4847-4440-AA4C-7A80326A0BA7&dsid=23e44664 (last visited Mar. 19, 2026).

requires showing that prison official "regularly and unjustifiably" interfered with legal mail) (quoting *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)).

In short, Plaintiff cannot recover under Section 1983 for these few instances of Miles and Rackley delivering his documents "at their leisure 10 to 20 days" after the documents arrived at the RCADC (Doc. No. 1 at 6), nor can Sheriff Fitzhugh and Chief Deputy Henderson be held vicariously liable for their subordinates' alleged dereliction of duty on these occasions. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (stating that a supervisor cannot be liable under § 1983 "simply because he or she was charged with overseeing" an offending subordinate) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). The Complaint thus fails to state a plausible claim and will be dismissed.

### III. CONCLUSION

In light of the foregoing, Plaintiff's IFP application (Doc. No. 2) and emergency motion for a ruling on that application (Doc. No. 6), and his pending motions to ascertain status (Doc. Nos. 7, 14, 15) are **GRANTED**. Because Plaintiff did not need leave of Court to amend his Complaint as reflected in Docket Number 8, the Clerk **SHALL** remove the pending motion flag from that docket entry.

For the reasons discussed above, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. In light of the dismissal, Plaintiff's remaining pending motions (Doc. Nos. 3, 9, 16, 17) are **DENIED** as moot.

The Court notes that Docket Number 9, Plaintiff's motion for an emergency ruling in this case, raises issues of the alleged opening and scanning of inmate legal mail outside the presence of the inmate to whom the legal mail is addressed, in contravention of the protocols described in

6

the RCADC inmate handbook. Such issues exceed the scope of the Complaint in this case, and in any event are currently being litigated in Plaintiff's earlier-filed case, *Szostak v. Rutherford Cnty. Adult Det. Ctr., et al.*, No. 3:25-cv-01187. (*See id.* at Doc. Nos. 48 (referring case to the Magistrate Judge), 57 (Magistrate Judge Evans's order reflecting status of service of process and granting Plaintiff's motion to amend his complaint).) Plaintiff recently filed an "Amended Complaint" in this case raising these same issues (Doc. No. 19) but without first seeking leave of Court, as required given that it is not Plaintiff's first amendment. *See* Fed. R. Civ. P. 15(a)(2). In light of the dismissal of this case and the ongoing litigation in Case No. 3:25-cv-01187, the Clerk **SHALL** return Docket Number 19 to Plaintiff. If Plaintiff wishes to pursue the matters described in his purported Amended Complaint, he must do so by amending the complaint in Case No. 3:25-cv-01187, as allowed in Magistrate Judge Evans's March 18, 2026 Order in that case.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7